IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| BRIAN SCOTT BURNETT, | ) | Case No. 6:11-CV-06247-HO |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Brian Burnett (plaintiff), seeks review of the August 20, 2010, decision by the Administrative Law Judge (ALJ), denying his claim for disability insurance benefits.  [Tr. 75-91].

PROCEDURAL HISTORY

Plaintiff applied for benefits on July 18, 2008 alleging disability beginning May 15, 2008. [Tr. 131-37].  He requested a hearing after his claims were denied initially and upon

ORDER - p.1

reconsideration. [Tr. 94-109].  Plaintiff was granted a hearing which was held before an ALJ on April 14, 2010. [Tr. 14-74].  In a decision issued on August 20, 2010, the ALJ denied plaintiff's claim, finding plaintiff not disabled.  [Tr. 86].  Plaintiff appealed this decision however, on June 3, 2011, the Appeals Council denied his request for review and the ALJ's decision became the Commissioner's final decision.  [Tr. 1-5].

## DISCUSSION

Plaintiff alleges disability beginning May 15, 2008, and was found to meet the insured status requirements through September 11, 2011.  [Tr. 80; 844].  Plaintiff argues that the ALJ erred in:(1) rejecting the lay testimony from plaintiff's parents; (2) failing to properly credit Dr. Hallenburg's full opinion; and (3) improperly concluding that plaintiff has the ability to perform other work.  [#15].  Plaintiff also argues that the evidence submitted post-hearing to the Appeals Council warrants a finding of mental disability and award of benefits or at a minimum, a remand for further proceedings.  *Id.*

The Administrative Law Judge (ALJ) found that plaintiff had severe impairments of post traumatic brain injury, chronic left thigh wound, adjustment disorder, post traumatic stress disorder (PTSD), depression and anxiety but, did not have an impairment or combination of impairments that met or medically equaled a listed impairment.  [Tr.81].

ORDER - p.2

The ALJ found that plaintiff had the RFC to perform medium work except, he could "sit for six hours in an eight-hour work day, can stoop, occasionally climb stairs and ramps, balance, kneel, crouch and crawl, could not climb ladders, ropes or scaffolds, cannot withstand any exposure to heights, is able to understand and carry out simple tasks, cannot work with the general public and can have only brief, structured contact with coworkers.". [Tr. 82]. In calculating plaintiff's RFC, the ALJ enunciated specific evidence in the record he considered when discounting plaintiff's and the third-party testimony concerning the intensity, persistence and limiting effects of his symptoms. [Tr.82-85].

For example, the ALJ noted that plaintiff's daily activities showed greater functionality than he alleged because he was able to live alone, does not take any medication for his left leg pain, cooks and cleans for himself and performs some yard work such as weeding. [Tr. 84]. However, the ALJ also noted plaintiff's historically erratic behavior including "storming out of the hearing room during the vocational expert's testimony and never·return[ing]." [Tr.83] Similarly, the record has further evidence of this including e.g., plaintiff's inability to articulate a coherent work or medical history. Additionally plaintiff: demonstrated a marked inability to participate appropriately in his hearing; described walking away from jobs;

ORDER - p.3

described disappearing sometimes, staying in different places for "a day or two weeks" because he didn't want people to know where he was; having two cell phones "so he could stay in contact with people"; had a vague recollection of his payee directing him to go in for a check-up to maintain his previous disability benefits but described the reason his four year disability benefits ended as "I just woke up one day and thought I should go to work." [Tr. 33-35; 43-48].

Where a plaintiff produces objective medical evidence of an impairment reasonably expected to produce symptoms, and there is no evidence of malingering, the ALJ may still find the plaintiff not credible by providing specific, clear and convincing reasons supported by substantial evidence. *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996).

Based on the foregoing, I find that the ALJ gave detailed, references to the record to support his finding that plaintiff's testimony was not fully credible. However, based on the complete record and plaintiff's hearing testimony, I also find the record is not as well developed with regard to the ultimate question of whether plaintiff is capable of medium work, as the ALJ found.

The inconsistencies noted above may well affect whether the resulting RFC sufficiently addresses all credible restrictions supported by the record, which plaintiff's conditions including his post-traumatic brain injury may impose. Once the record and

ORDER - p.4

findings are reconciled, plaintiff's RFC will need to be
harmonized with those findings and an appropriate hypothetical
posed to the VE in order to determine plaintiff's ability (or
lack thereof) to perform work in conformance with SSR 00-4p..

This court may remand this case for either additional
evidence and findings or for the award of benefits.  *Smolen v.
Chater*, 80 F.3d 1273, 1292 (9th Cir 1996).  This matter is
therefore remanded to allow the ALJ to further develop the record
and assess what, if any, effect that development has on the final
decision.

Development of the record should include *inter alia*: re-
evaluation and consideration of the post-hearing evidence; of the
opinions of plaintiff's parents including his father's post-
hearing testimony as it relates to plaintiff's employability; re-
evaluation and reconciliation of Drs. Hughey, Hallenburg,
Northway and Hennings' opinions and clarification of the nature
and severity of plaintiff's post-traumatic brain injury; a
reassessment of plaintiff's RFC to include all credible
limitations that are supported by the record and a determination
(with the assistance of a VE), based on that reassessed RFC
regarding plaintiff's ability to perform work in the national
economy.

This remand for further proceedings is appropriate to
resolve defects in this administrative proceeding.  *McAllister v.*

*Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). The ALJ shall issue a new decision after fully developing the record as described above.

<u>Conclusion</u>

Based on the foregoing , this case is REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this _20th_ day of July, 2012.


_____
UNITED STATES DISTRICT COURT JUDGE

ORDER - p.6